NUMBER 13-01-869-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

MARY SANCHEZ,                                                             Appellant,

v.

MATAGORDA COUNTY,                                                     Appellee.
___________________________________________________________________

On appeal from the 130th District Court
of Matagorda County, Texas.
__________________________________________________________________

O P I N I O N

Before Chief Justice Valdez and Justices Rodriguez and Dorsey



Opinion by Justice Rodriguez

         This is a wrongful-death action. Mary Sanchez appeals from a summary
judgment predicated on the sovereign immunity of appellee, Matagorda County (the
County). By a single point of error, appellant generally contends the trial court erred
in granting the summary judgment because the County waived its immunity under the
Texas Tort Claims Act (the Act) when it added planks to the bridge and created a
special defect which allegedly caused the death of her husband, Edward Sanchez. We
affirm.
I. Background
         Mr. Sanchez drowned on December 27, 1997, when the car he was driving
went off a wooden, one-lane bridge over Caney Creek on Farm to Market Road 457
in Matagorda County. The County built the bridge before 1970 by laying boards
perpendicular to the roadway. After 1970, the County redesigned the bridge by
adding planks running longitudinally to the road. The new design allowed for additional
load-bearing capacity. The planks placed over the perpendicular planks did not,
however, extend over the entire width of the bridge. This resulted in less than a three
inch drop off on the edge of the driving surface. Cost was one of the factors
considered by the County when it decided that it would not extend the longitudinal
planks the entire width of the bridge.
         Following the death of her husband, appellant sued the County alleging the
bridge was defective and that the condition of the bridge caused his death. The
County moved for a traditional summary judgment urging that the alleged defects in
the bridge were not special defects; the elements of a premises cause of action could
not be proven; and all claims were barred by sovereign immunity. In granting the
County's summary judgment motion, the trial court found that:
1.The bridge in question in this case was constructed before January
1, 1970, therefore, the TEXAS [TORT] CLAIMS ACT did not apply
to the claims of alleged defects which existed in the bridge before
that date;
 
2.The alleged defects in the bridge are premise defects and not
special defects as defined by the law; and
 
3.Any claims based upon design changes in the bridge made or
which the [C]ounty failed to make after January 1, 1970, are
barred under Tex. Civ. Prac. & Rem. Code § 101.056, because
they are discretionary acts for which sovereign immunity has not
been waived.
Judgment was entered against appellant, and this appeal ensued.
II. Standard of Review
         In the appeal of a traditional summary judgment, we must determine whether
the summary judgment proof establishes as a matter of law that there is no genuine
issue of material fact as to one or more of the essential elements of the plaintiff’s
cause of action or whether the defendant has conclusively established all elements of
his affirmative defense. Velsicol Chem. Corp. v. Winograd, 956 S.W.2d 529, 530
(Tex. 1997); Walker v. Harris, 924 S.W.2d 375, 377 (Tex. 1996); Crain v. Smith, 22
S.W.3d 58, 59 (Tex. App.–Corpus Christi 2000, no pet.); see City of Houston v. Clear
Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). When reviewing a summary
judgment, we take as true all evidence favorable to the non-movant and indulge every
reasonable inference in the non-movant’s favor. See Cathey v. Booth, 900 S.W.2d
339, 341 (Tex. 1996); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 549 (Tex.
1985). The propriety of a summary judgment is a question of law; therefore, we
review the trial court’s granting of a motion for summary judgment de novo. Natividad
v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Texas Commerce Bank Rio
Grande Valley v. Correa, 28 S.W.3d 723, 726 (Tex. App.–Corpus Christi 2000, pet.
denied).
III. ImmunityBy her sole point of error, appellant first contends that the addition of the planks
to the bridge was not a discretionary act within the scope of section 101.056. See
Tex. Civ. Prac. & Rem. Code Ann. § 101.056 (Vernon 1997). As a general rule,
government entities are immune from tort liability under the doctrine of sovereign
immunity unless the legislature has waived immunity. Harris County v. Dillard, 883
S.W.2d 166, 168 (Tex. 1994). Whether a particular claim is excepted from the
general doctrine of sovereign immunity is entirely dependant on the statutory language. 
Dallas County Mental Health & Mental Retardation v. Bossley, 968 S.W.2d 339, 341
(Tex. 1998). The Texas Tort Claims Act, for example, provides that government units
are liable for “personal injury and death so caused by a condition or use of tangible
personal or real property if the government unit would, were it a private person, be
liable to the claimant according to Texas law.” Tex. Civ. Prac. & Rem. Code Ann. §
101.021(2) (Vernon 1997).



         Sovereign immunity is not waived under the Act, however, for acts of a
governmental unit "if the law leaves the performance or nonperformance of the act to
the discretion of the governmental unit." Id. § 101.056(2) (Vernon 1997). The
supreme court has explicitly held that the “[d]esign of any public work, such as a
roadway, is a discretionary function involving many policy decisions, and the
governmental entity responsible may not be sued for such decisions.” State v.
Rodriguez, 985 S.W.2d 83, 85 (Tex. 1999).
         Appellant argues that the County was negligent in the implementation of its
decision to add wood plank runners to the roadway portion of the bridge but not to
extend them the entire width of the bridge.


 However, County Commissioner George
Deshotels testified that the decision not to lay the planks to the edge of the bridge was
part of the bridge design and was based partially on the increased cost that would
have been incurred. This decision of a governing body to choose one design over
another is the essence of the exercise of discretion. See id. This is not a situation
where a governmental employee negligently performed the task he was ordered to do,
so as to possibly create governmental liability. See State v. Terrell, 588 S.W.2d 784,
788 (Tex. 1979); see also City of Landcaster v. Chambers, 883 S.W.2d 650, 658
(Tex. 1994); J. Bonner Dorsey, Whither the Texas Tort Claims Act: What Remains
after Official Immunity?, 33 St. Mary's Law Journal 235 (2002). Therefore, taking
as true all evidence favorable to appellant and indulging every reasonable inference in
her favor, we conclude the addition of the longitudinal planks to the bridge, a
significant redesign and repair of the bridge after 1970, was a discretionary act of a
county government for which its sovereign immunity has not been waived. See
Cathey, 900 S.W.2d at 341. The County has conclusively established its affirmative
defense of immunity. See Velsicol Chem. Corp., 956 S.W.2d at 530; Crain, 22
S.W.3d at 59.
IV. Defect Claims
         To circumvent the County’s sovereign immunity, appellant contends the addition
of the planks created either a special defect or a premises defect. However, while the
Act waives immunity from suit under certain circumstances, including some premises
and special defect claims,


 the waiver does not extend to damages arising from
governmental discretionary conduct. See Tex. Civ. Prac. & Rem. Code Ann. §
101.056(2) (Vernon 1997). Under section 101.056, the County retained its immunity
for the bridge design. See id.; Rodriguez, 985 S.W.2d at 86 (citing Villarreal v. State,
810 S.W.2d 419, 422 (Tex. App.–Dallas 1991, writ denied)). The design of the
bridge involved policy-level decisions and, as such, was the result of the County’s
discretionary judgment, thus, a discretionary act. See Rodriguez, 985 S.W.2d at 86. 
Therefore, neither appellant's special defect theory nor her premises defect theory can
bypass the County's immunity for discretionary roadway design under section
101.056 of the Act.



         We conclude, therefore, the trial court did not err in granting the County
summary judgment against appellant on her special defect and premises defect claims.
Accordingly, we overrule appellant's point of error.
V. Conclusion
         The judgment of the trial court is affirmed.
                                                                        
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Retired Justice Dorsey not participating.

Opinion delivered and filed this
18th day of December, 2003.