NUMBER 13-02-705-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

LAURA SALDANA,                                                           Appellant,

v.

CITY OF BROWNSVILLE AND ANGEL GOMEZ,                     Appellees.
___________________________________________________________________

On appeal from the County Court at Law No. 3 
of Cameron County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Rodriguez

         This is a personal-injury action. Appellant, Laura Saldana, appeals from a
summary judgment granted in favor of appellees, the City of Brownsville (the City) and
Angel Gomez. By six issues, appellant generally contends the trial court erred in
granting the summary judgment. Specifically, appellant argues that appellees did not
meet their burden and failed to present competent summary judgment evidence. 
Appellant also contends that she defeated appellees' motion by presenting competent
contradictory evidence. We reverse and remand.
I. Background
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
         In January 2002, appellant filed suit against appellees for personal injuries she
sustained as a result of an accident that occurred in 1993 when she was twelve years
old. Officer Gomez, an employee of the City, was driving a police car that struck
appellant as she was attempting to cross the street.
         On July 9, 2002, appellees moved for summary judgment under Texas Rules of
Civil Procedure 166a(b) and 166a(i). See Tex. R. App. P. 166a(b), (i). They contended
that as a matter of law they were not negligent and had negated any breach of duty
owed to appellant, an essential element of appellant's sole cause of action for
negligence. Appellees attached the following evidence to their motion: (1) the City
Police Department's accident report;


 (2) excerpts from appellant's November 5, 2002
deposition;


 (3) Officer Gomez's affidavit;


 and (4) excerpts from the December 13,
2002 deposition of Roy Zepeda, an eye witness.


 On July 12, 2002, the trial court
signed a fiat ordering appellees' motion set for submission on August 21, 2002 and 
informing the parties that its decision would be made on the "basis of the Motion,
reply(s) to the motion, admissions, affidavits, counter-affidavit, pleadings, depositions,
interrogatories and answers to interrogatories timely filed prior to the hearing." 
Complaining of the summary judgment motion and its evidence, appellant filed her
response to appellees' motion for summary judgment on August 16, 2002. Attached
to her response was her own affidavit


 and the affidavit of Maricela Castro, an eye
witness to the accident.


 By written objection filed on August 20, 2002, appellees
complained that appellant's response was untimely filed. Appellant replied to
appellees' objection on August 21, 2002. On August 28, 2002, the trial court granted
appellants' motion for summary judgment. In its order, the court noted that in
consideration of the motion, it had reviewed the file, appellant's response, and the
reply filed by appellees. On August 30, 2002, two days after the order was signed,
appellees filed a motion for leave of court to supplement their reply to appellant's
response to their motion for summary judgment. Appellees objected to the Castro
affidavit attached to appellant's response and moved for sanctions. In the alternative,
appellees requested leave to file an amended motion for summary judgment. Appellant
filed a motion for new trial which was denied by written order on October 30, 2002. 
No other written orders appear in the record.
II. Standard of Review
         The record in this case establishes that appellees' motion for summary judgment
was filed as a no-evidence motion and, in the alternative, as a traditional summary
judgment. See Binur v. Jacobo, 136 S.W.3d 646, 651 (Tex. 2004). 
         In the appeal of a traditional summary judgment, we must determine whether
the summary judgment proof establishes as a matter of law that there is no genuine
issue of material fact as to one or more of the essential elements of the plaintiff’s
cause of action or whether the defendant has conclusively established all elements of
his affirmative defense. Velsicol Chem. Corp. v. Winograd, 956 S.W.2d 529, 530
(Tex. 1997); Walker v. Harris, 924 S.W.2d 375, 377 (Tex. 1996); Crain v. Smith, 22
S.W.3d 58, 59 (Tex. App.–Corpus Christi 2000, no pet.); see City of Houston v. Clear
Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). The burden of proof, thus,
falls to the movant in a traditional summary judgment proceeding. Pech v. Estate of
Tavarez, 112 S.W.3d 282, 285 (Tex. App.–Corpus Christi, no pet.). When reviewing
a summary judgment, we take as true all evidence favorable to the non-movant and
indulge every reasonable inference in the non-movant’s favor. See Cathey v. Booth,
900 S.W.2d 339, 341 (Tex. 1996); Nixon v. Mr. Property Mgmt. Co., 690 S.W.2d
546, 549 (Tex. 1985).
         In a no-evidence summary judgment motion, the party seeking a no-evidence
summary judgment must assert no evidence exists as to one or more of the essential
elements of the non-movant's claims on which she would have had the burden of
proof at trial. Holmstrom v. Lee, 26 S.W.3d 526, 530 (Tex. App.–Austin 2000, no
pet.). Once the movant specifies the elements on which there is no evidence, the non-movant is required to produce evidence sufficient to raise a genuine issue of material
fact. See Tex. R. Civ. P. 166a(i). The non-movant need not marshal her proof, but she
should identify more than a scintilla of evidence raising a fact issue on the challenged
elements. See id. The non-movant's failure to respond to a no-evidence motion is
fatal. See Michael v. Dyke, 41 S.W.3d 746, 751 (Tex. App.–Corpus Christi 2001, no
pet.). A no-evidence summary judgment is essentially a directed verdict granted before
trial, to which we apply a legal sufficiency standard of review. Jackson v. Fiesta Mart,
979 S.W.2d 68, 70 (Tex. App.–Austin 1998, no pet.). Again, we review the evidence
in the light most favorable to the non-movant and disregard all contrary evidence and
inferences. Lake Charles Harbor & Terminal Dist. v. Bd. of Trs. of Galveston Wharves,
62 S.W.3d 237, 241-42 (Tex. App.–Houston [14th Dist.] 2001, pet. denied).
         Because the propriety of a summary judgment is a question of law, we review
the trial court’s granting of a motion for summary judgment de novo. Natividad v.
Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Texas Commerce Bank Rio Grande
Valley v. Correa, 28 S.W.3d 723, 726 (Tex. App.–Corpus Christi 2000, pet. denied).III. Analysis
         By her last issue, appellant contends she presented sufficient evidence in
response to appellees' motion for summary judgment to create a fact issue.


 
Appellees assert the trial court was correct in granting their motion and in not
considering appellant's late-filed response. Appellees base their argument on language
found in the July 12 fiat that set the submission date of the motion. In that
document, the trial court set out that its decision would be made "on the basis of the
Motion, reply(s) to motion, admissions, affidavits, counter-affidavit, pleadings,
depositions, interrogatories and answers to interrogatories timely filed prior to the
hearing." (Emphasis added.) Appellees assert that because the trial court stated it
would only consider timely-filed documents and because appellant's response was not
timely filed, the response was not reviewed by the trial court.
         Rule 166a(c) provides that a non-movant may file her response "not later than
seven days prior to the day of [the] hearing." Tex. R. Civ. P. 166a(c); Sullivan v. Bickel
& Brewer, 943 S.W.2d 477, 486 (Tex. App.–Dallas 1995, writ denied). To file within
seven days, the adverse party must obtain leave of court. Tex. R. Civ. P. 166a(c);
Benchmark Bank v. Crowder, 919 S.W.2d 657, 663 (Tex. 1996); Sullivan, 943
S.W.2d at 486. The trial court has discretion, however, to allow the late filing of
opposing proof. Sullivan, 943 S.W.2d at 486 (citing Bell v. Moores, 832 S.W.2d 749,
755 (Tex. App.–Houston [14th Dist.] 1992, writ denied)).
         In this case, the order granting appellees' motion for summary judgment set out
that the trial court reviewed "[appellant's] response and [appellees'] reply thereto" in
arriving at its opinion that the motion should be granted. Thus, the order indicates that
the trial court allowed the late filing of appellant's response because it acknowledged
that the response had been reviewed in arriving at its opinion.


 We cannot presume
the trial court did not consider the response. Cf. Benchmark Bank, 919 S.W.2d at 663
(when nothing in record indicates trial court granted leave to late file, we presume trial
court did not consider response). From our review of the record, we therefore
conclude the trial court allowed appellant's response to be filed and considered
Castro's attached affidavit controverting appellees' evidence that Officer Gomez was
not driving at an unreasonable speed.
         Accordingly, under the no-evidence summary judgment standard of review,
viewing the evidence in the light most favorable to the non-movant and disregarding
all contrary evidence and inferences, see Lake Charles Harbor, 62 S.W.3d at 241-42,
we conclude appellant produced more than a scintilla of summary judgment evidence
raising a fact issue on the challenged element, breach of duty. See Tex. R. Civ. P.
166a(i). Thus, the trial court erred if the judgment was entered on appellees' no-evidence summary judgment motion.
         Furthermore, taking as true all evidence favorable to appellant and indulging
every reasonable inference in her favor, see Cathey, 900 S.W.2d at 341, under the
traditional summary judgment standard of review, we cannot conclude that the
summary judgment proof establishes as a matter of law that there is no genuine issue
of material fact as to the breach of duty element. See Velsicol Chem. Corp., 956
S.W.2d at 530; Crain, 22 S.W.3d at 59. Thus, the trial court also erred if the
judgment was entered on appellees' alternative traditional summary judgment.
         We sustain appellant's final issue. Furthermore, based on the above analysis,
appellant's first issue wherein she generally contends appellees did not meet their
burden is also sustained. Because of the disposition of appellant's first and last issues,
we need not address her remaining issues that challenge the evidence filed in support
of appellees' motion. See Tex. R. App. P. 47.1.
 
V. Conclusion
         We reverse the judgment of the trial court and remand for further proceedings
consistent with this opinion.
                                                                                    
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Memorandum Opinion delivered and 
filed this 31st day of August, 2004.