ACCEPTED
13-14-00617-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
4/21/2015 9:45:45 PM
DORIAN RAMIREZ
CLERK

CASE NO. 13-14-00617-CV

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
4/21/2015 9:45:45 PM
DORIAN E. RAMIREZ
Clerk

IN THE COURT OF APPEALS FOR THE
THIRTEENTH SUPREME JUDICIAL DISTRICT OF TEXAS
AT CORPUS CHRISTI, TEXAS

RONALD G. HOLE,

*Appellant*

v.

WILLIAM L. HUBBARD,

*Appellee*

APPEAL FROM CAUSE NUMBER 2013DCV-4177-C
94th JUDICIAL DISTRICT COURT, NUECES COUNTY, TEXAS
JUDGE BOBBY GALVAN, PRESIDING

## APPELLANT'S REPLY BRIEF

Ronald G. Hole
State Bar No. 09834200

HOLE & ALVAREZ, L.L.P.
P. O. Box 720547
McAllen, Texas  78504-0547
Telephone:       (956) 631-2891
Telecopier:      (956) 631-2415
E-Mail:      Mail@HoleAlvarez.com

RONALD G. HOLE, *Pro Se*

**ORAL ARGUMENT DENIED**                         **April 21, 2015**

CASE NO. 13-14-00617-CV

IN THE COURT OF APPEALS FOR THE
THIRTEENTH SUPREME JUDICIAL DISTRICT OF TEXAS
AT CORPUS CHRISTI, TEXAS

RONALD G. HOLE,

*Appellant*

v.

WILLIAM L. HUBBARD,

*Appellee*

APPEAL FROM CAUSE NUMBER 2013DCV-4177-C
94th JUDICIAL DISTRICT COURT, NUECES COUNTY, TEXAS
JUDGE BOBBY GALVAN, PRESIDING

## APPELLANT'S REPLY BRIEF

Ronald G. Hole
State Bar No. 09834200

HOLE & ALVAREZ, L.L.P.
P. O. Box 720547
McAllen, Texas 78504-0547
Telephone:     (956) 631-2891
Telecopier:    (956) 631-2415
E-Mail:        Mail@HoleAlvarez.com

RONALD G. HOLE, *Pro Se*

**ORAL ARGUMENT DENIED**

**TABLE OF CONTENTS**

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Index of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Reply.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

     A.    Disagreements With Statement of the Case and Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     B.    Brief Response to Appellee's First Reply Point . . . . . . . . . . . . 3

     C.    Brief Response to Appellee's Second Reply Point. . . . . . . . . 4

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Certificate of Service.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# INDEX OF AUTHORITIES

**<u>Cases</u>**

*Crain v. Smith,* 22 S.W.3d 58
(Tex.App.–Corpus Christi 2000, no pet.).. . . . . . . . . . . . . . . . . . . . . . . . . *4, 5*

*James v. Brown*, 637 S.W.2d 914 (Tex. 1982). . . . . . . . . . . . . . . . . . . . . 4

*Krishnan v. Law Offices of Preston Henrichson, P.C.*, 83 S.W.3d 295
(Tex.App.–Corpus Christi 2002, pet. denied). . . . . . . . . . . . . . . . . . . . . 5, 6

*Russell v. Clark*, 620 S.W.2d 865
(Tex. App.–Dallas 1981, writ ref'd n.r.e.).. . . . . . . . . . . . . . . . . . . . . . . . . 5

CASE NO. 13-14-00617-CV

IN THE COURT OF APPEALS FOR THE
THIRTEENTH SUPREME JUDICIAL DISTRICT OF TEXAS
AT CORPUS CHRISTI, TEXAS

RONALD G. HOLE

*Appellant*

v.

WILLIAM L. HUBBARD

*Appellee*

APPEAL FROM CAUSE NUMBER 2013DCV-4177-C
94ᵗʰ JUDICIAL DISTRICT COURT, NUECES COUNTY, TEXAS
JUDGE BOBBY GALVAN, PRESIDING

**APPELLANT'S REPLY BRIEF**

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW RONALD G. HOLE, Appellant in the above-entitled and

numbered cause, and files this his reply brief, and for such reply would

respectfully show unto this Honorable Court as follows:

# I.

## <u>REPLY</u>

Pursuant to Rule 38.3 of the Texas Rules of Appellate Procedure, Appellant files this his reply brief, addressing matters contained within Appellee's Brief.

**A.      Disagreements With Statement of the Case and Statement of Facts**

Appellant disagrees with the Statement of the Case contained within Appellee's Brief, wherein he asserts that the *Wansey* lawsuit was "a lawsuit filed by Appellant", as such statement is false.  (C.R. p. 137) Notwithstanding the fact that Appellee knows of this fact, and notwithstanding the fact that the actual petition is included in the Clerk's Record, and such document makes it blatantly clear that the pleading at issue was filed by I. Cecilia Garza, Appellee continues to misrepresent to this Court that the undersigned filed such suit.

Likewise, Appellee's Statement of Facts is objectionable.  While a Statement of Facts is required to state concisely and without argument the facts pertinent to the issues raised, supported by record references, Appellee's "Statement of Facts" is little more than a rant.  There are absolutely no record references contained within Appellee's "Statement of

Facts" to support his first paragraph. Appellant would state, without argument, that such first paragraph is incorrect and false.

**B.     Brief Response to Appellee's First Reply Point**

There are three problems with Appellee's position that the libelous statement made by Appellee concerning Appellant was true. For convenience, the libelous statement was as follows: "However, as shown by the Supreme Court opinion, Ron has no aversion to filing a suit without merit." (C.R. pp. 131-32; App. 2) First, as pointed out above, Appellant (Ron) did not file the suit Mr. Hubbard refers to in his letter, the *Wansey* lawsuit. (C.R. p. 186) Second, the opinion of the Supreme Court concerning such lawsuit does not, anywhere in its verbiage, state that Appellant had no aversion to filing a suit without merit. (C.R. pp. 138-39; App. 3)

Finally, as pointed out in Appellant's Brief, the suit against Mr. Wansey had merit. However, even more detrimental to Appellee's limited interpretation of his statement, is the common usage of the word "aversion." A claim that someone has "no aversion" to filing a meritless case certainly conveys the impression that such person has, as a fact, filed cases without merit on more than one occasion. Therefore, Appellee's statement that Appellant had no aversion to filing lawsuits without merit was textbook

defamation *per se.* Appellant's summary judgment evidence established that the affirmative defenses alleged by Appellee, including the affirmative defense of "truth," were completely without support in the summary judgment evidence, and a summary judgment should have been granted as to all of Appellee's affirmative defenses.

## C.    Brief Response to Appellee's Second Reply Point

In his response to Appellant's Issue No. 1, Appellee offers nothing new. It should be remembered that the sole basis for the Appellee's Motion for Summary Judgment in the trial court was his claim that his statement was privileged. Appellee now confirms that his libelous statement was allegedly published "in anticipation of threatened litigation." Therefore it is now clear that Appellee is no longer taking the very questionable position that his libel was made in connection with an on-going lawsuit. Appellee's Brief, p. 9. While it is conceded by Appellant that *James v. Brown*, 637 S.W.2d 914, 916-17 (Tex. 1982) made it clear that communications in the due course of a judicial proceeding are absolutely privileged, since Appellee has now conceded that his communication was allegedly made in connection with anticipated litigation, the absolute privilege noted by the *James v. Brown* court is inapplicable.

Likewise, Appellee's discussion of *Crain v. Smith* is inapplicable. In the *Crain* case this Court noted that an attorney is absolutely privileged to publish defamatory statements concerning another in communications preliminary to a proposed judicial proceeding in which the attorney *participates as counsel*, and if the communication *has some relation to the proceeding*. *Crain v. Smith,* 22 S.W.3d 58, 62 (Tex.App.–Corpus Christi 2000, no pet.). In that case, this Court noted that Smith's letter to Ramsey stated her factual allegations and legal conclusions surrounding a proposed legal action against Ramsey's client. *Id.* at 63. Therefore, therefore the letter had some relation to the proceeding and was written on behalf of a client. *Id.*

The *Russell v. Clark* case cited by Appellee involves a situation where Clark was actually counsel for certain parties, and where the communication was made during an ongoing case (between trials). 620 S.W.2d 865, 870 (Tex.App.–Dallas 1981 (writ ref'd n.r.e.). The *Russell* case is also dissimilar to the instant case. Two very clear distinctions between the instant case and all the cases cited by Appellee are that (1) in all the cases cited, the attorney was representing a client, and (2) the improper communication actually had some relationship to a proposed litigation.

Appellee's citation to the *Krishnan v. Law Offices of Preston Henrichson, P.C.* is likewise misdirected. Again, the letter at issue in *Krishnan* clearly had some alleged relationship to a future proceeding – it was a 4590i letter setting out future claims, and was required by statute to be sent prior to a medical negligence case being filed. None of Appellee's cases stand for the proposition that *any* communication prior to a lawsuit is privileged. The communication **must** be read in context and **must** bear some relationship to a proposed judicial proceeding.

Mr. Hubbard's letter was not on behalf of a client; did not discuss claims to be asserted; did not discuss any claims to be defended; did not set out future claims against Appellant; was not mandatory or a prerequisite to suit; was not required by law; and only makes a passing mention of a proposed lawsuit by Appellant against Appellee. Appellee's letter does not bear any relationship to a proposed, threatened or existing lawsuit. Accordingly, the privilege does not attach and is not available.

## II.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Appellant RONALD G. HOLE prays that the judgment of the trial court in favor of Appellee be

reversed, that this Court render a summary judgment in Appellant's favor as to his claim for defamation *per se*, and that this case be remanded on the issue of damages only, and that all costs herein, including costs on appeal, be assessed against Appellee, and for such other and further relief to which Appellant may be justly entitled.

Respectfully submitted,

By:   /s/ Ronald G. Hole
        Ronald G. Hole, ***Pro Se***
        State Bar No. 09834200
        P. O.  Box 720547
        McAllen, Texas 78504
        Telephone No.:  (956) 631-2891
        Telecopier No.:  (956) 631-2415
        E-Mail: mail@holealvarez.com

## CERTIFICATE OF COMPLIANCE

In compliance with Tex.R.App.P. 9.4(i)(3), I, Ronald G. Hole, hereby certify that this Appellant's Reply Brief, excluding the sections to be excluded, contains 1,776 words. I have relied on the word count of the computer program used to prepare this document, WordPerfect X3®

/s/ Ronald G. Hole
Ronald G. Hole

## CERTIFICATE OF SERVICE

I, Ronald G. Hole, hereby certify that a true and correct copy of the above Appellant's Reply Brief has, on this the **21st** day of **April 2015**, been served via **electronic transfer through an online filing service,** to the following counsel of record:

William L. Hubbard
Attorney at Law
62 Vista San Juan Drive
Pagosa Springs, Colorado 81147-7004
**E-MAIL: Hubbard43@gmail.com**

/s/ Ronald G. Hole
Ronald G. Hole

BCC:HOL-HUB\APP