Michael B. WANSEY, individually and d/b/a Rio Grande Defensive Driving School, Petitioner,

v.

Cheryl D. HOLE, Respondent.

No. 11–0348.

Supreme Court of Texas.

June 29, 2012.

Rehearing Denied Aug. 17, 2012.

William L. Hubbard, Attorney at Law, Edinburg, TX, Steve Efthimiou, Attorney at Law, Brownsville, TX, Thomas G. Rayfield, Law Offices of Thomas Rayfield, McAllen, TX, Jason Roger Mann, Jason R. Mann & Associates, Harlingen, TX, for Michael B. Wansey.

Ida Cecilia Garza, Gault Nye & Quintana LLP, Ronald G. Hole, Hole & Alvarez, L.L.P., McAllen, TX, for Cheryl D. Hole.

PER CURIAM.

In this case, we must decide whether a plaintiff may recover on a claim for negligent hiring and supervision despite suffer-

ing no harm at the hands of the employee who was allegedly negligently hired. We hold that a negligent hiring claim requires that some harmful or negligent conduct of an employee—one hired pursuant to the defendant's negligent hiring or supervision practices—proximately caused the injury complained of. Accordingly, pursuant to Texas Rule of Appellate Procedure 59.1, without hearing oral argument we reverse the court of appeals' judgment and render judgment for petitioner.

Cheryl and Ronald Hole, both attorneys, enrolled their minor daughter in a driving school owned and operated by Michael B. Wansey. One evening, when Ronald arrived at the business to pick up his daughter, he was unable to find her inside. He proceeded to a door that stood ajar at the back of the building. Opening the door, Ronald found her standing outside, in the dark, backing away from one of her driving instructors. Ronald suspected that they had engaged in inappropriate behavior, but both his daughter and the instructor denied any wrongdoing.

Thereafter, the Holes removed their daughter from the course and demanded a full refund from Wansey, since she would have to start a new course from the beginning. Wansey refused to offer any explanation for the instructor's behavior, and disclaimed any responsibility for his employee's behavior after class hours. Wansey also refused to issue a full refund, but instead sent a check for only eighteen dollars—the pro-rated cost of the four hours of instruction remaining in the course.

■ Cheryl Hole—the lone plaintiff in this case—sued Wansey, not for harm endured by her daughter in the allegedly inappropriate incident with the driving instructor, but for the cost of the driving course, alleging breach of contract and grossly negligent or malicious hiring, training, supervision, or retention. The jury returned a verdict in favor of Hole, finding that Wansey's negligent conduct had proximately caused harm to Hole and that Wansey had breached the contract. The jury awarded Hole $225 (the cost of the course) in compensatory damages, $5,000 in attorney fees, and $15,000 in exemplary damages. The court of appeals reversed the breach of contract claim and the award of attorney fees, but affirmed the negligent hiring judgment and the compensatory and punitive damages. 379 S.W.3d 334. The court of appeals reasoned that Hole sustained harm in the form of the un-refunded cost of the driving course, and that Wansey's negligent hiring practices proximately caused those damages. We disagree.

■ Though we have never expressly set out what duty an employer has in hiring employees, or said that a negligent hiring claim requires more than just negligent hiring practices, there is a broad consensus among Texas courts that such a claim requires that the plaintiff suffer some damages from the foreseeable misconduct of an employee hired pursuant to the defendant's negligent practices. *See Brown v. Swett & Crawford of Tex., Inc.,* 178 S.W.3d 373, 384 (Tex.App.-Houston [1st Dist.] 2005, no pet.) ("To prevail on a claim for negligent hiring or supervision, the plaintiff is required to establish not only that the employer was negligent in hiring or supervising the employee, but also that the employee committed an actionable tort against the plaintiff."); *Gonzales v. Willis,* 995 S.W.2d 729, 739 (Tex. App.-San Antonio 1999, no pet.) *overruled in part on other grounds by Hoffmann–La Roche Inc. v. Zeltwanger,* 144 S.W.3d 438, 447–48 (Tex.2004); *Mackey v. U.P. Enters., Inc.,* 935 S.W.2d 446, 459 (Tex.App.-Tyler 1996, no writ). We have explicitly established this requirement in negligent

entrustment cases, which are factually similar to negligent hiring claims. *Schneider v. Esperanza Transmission Co.,* 744 S.W.2d 595, 596 (Tex.1987) ("[T]here must be a showing ... that the [employee] driver's negligence proximately caused the accident."); *see also TXI Transp. Co. v. Hughes,* 306 S.W.3d 230, 240 (Tex.2010) (concluding that negligent hiring should have a similar requirement to negligent entrustment cases, which requires that the employee's negligent conduct harm the plaintiff).

■ In this case, Hole did not present legally sufficient evidence of any harm caused by an employee of Wansey's driving school. Even had Cheryl Hole sued on behalf of her daughter, she presented no evidence that the driving instructor actually engaged in inappropriate behavior—indeed, Ronald Hole conceded in his trial testimony that he does not know that anything illegal happened, but rather just thought the situation was inappropriate. Hole also presented no evidence that proper hiring and supervision policies would have prevented the incident, or that her daughter suffered any harm. Rather, the only harm presented in this case was the purely economic harm—caused to Cheryl as an indirect result of the alleged incident—of the loss of the driving course tuition. Besides being an indirect, attenuated harm, the loss of the tuition was harm to the subject matter of the contract between the Holes and Wansey, which is not recoverable in tort.[1] *See Sw. Bell Tel. Co. v. DeLanney,* 809 S.W.2d 493, 494 (Tex. 1991); *Sterling Chem. Inc. v. Texaco Inc.,* 259 S.W.3d 793, 796 (Tex.App.-Houston [1st Dist.] 2007, pet. denied) ("Simply stated, under the economic loss rule, a duty in tort does not lie when the only injury claimed is one for economic damages re-

coverable under a breach of contract claim.").

■ A negligence finding requires a duty, breach, and damages proximately caused by that breach. *Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 477 (Tex.1995). Because Hole presented no evidence of harm caused by an employee hired pursuant to Wansey's hiring policies, we hold she did not present legally sufficient evidence of damages proximately caused by Wansey's alleged negligence. We reverse the judgment of the court of appeals insofar as it affirmed the award of compensatory and exemplary damages for negligent hiring and supervision, and render judgment for Wansey. In all other respects the court of appeals' judgment is affirmed.

---

1. The court of appeals found the evidence legally insufficient to support the jury's

breach of contract finding, and Hole did not appeal that finding to this Court.