**AFFIRM; and Opinion Filed February 4, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00280-CV

### JANA CLARK, Appellant
### V.
### PFPP LIMITED PARTNERSHIP D/B/A PLANET DODGE, Appellee

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC12-00967-G**

## OPINION

Before Chief Justice Wright,[1] Justice Fillmore, and Justice O'Neill, Ret.[2]
Opinion by Justice Fillmore

Janet Clark purchased a pickup truck from Manuel Santoy that she later discovered had been stolen from PFPP Limited Partnership d/b/a Planet Dodge (Planet Dodge). Clark lost both the pickup truck and the $22,000 she paid to Santoy. Clark sued Planet Dodge, along with a number of other defendants. As relevant to this appeal, Clark sought to recover from Planet Dodge the $22,000 she paid to Santoy, alleging at least one of its employees was involved in the theft of the pickup truck and she was harmed by Planet Dodge's negligent hiring, supervision, and retention of its employees.

---

[1]  Justice William Whitehill participated in oral argument, but did not participate in this opinion. Chief Justice Wright is a member of the original panel, but did not participate in oral argument. Chief Justice Wright has reviewed the record and the briefs in this case. *See* TEX. R. APP. P. 41.1(a).

[2] The Hon. Michael J. O'Neill, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

Planet Dodge moved for summary judgment on the ground Clark suffered no physical injury. The trial court granted the motion and rendered judgment that Clark take nothing on her claim against Planet Dodge. In this appeal, Clark asserts the trial court erred by granting summary judgment because she was not required to show she was physically injured in order to recover on a claim for negligent hiring, supervision, and retention. We affirm the trial court's judgment.

**Background**

In January 2010, Terry Smith, Clark's employer, purchased two Dodge pickup trucks from Santoy at a reduced rate from market price. Smith told Clark about his purchase. Because Clark was interested in purchasing a new pickup truck to use on her ranch, Smith suggested that Santoy talk to Clark about the availability of a new truck at a reduced cost. Santoy contacted Clark and said he had obtained a "great deal" on five extra fleet vehicles from a Houston dealership. Santoy had a new Dodge pickup truck that he was willing to sell to Clark for $22,000. Santoy told Clark she would receive title to the vehicle when he went to Austin to obtain titles for the five trucks.

On January 28, 2010, Clark and Smith traveled to Houston to Cory Stone's house to purchase the truck. Santoy, a man named Steve, and a delivery man arrived at the house with the truck. Santoy gave Clark his business card which stated he worked for M.S. Enterprise/Luxury Auto. The truck had temporary paper license plates issued by El Compadre Auto Sales, Inc. Clark compared the vehicle identification number (VIN) on the plates with the VIN on the dash board and doors of the truck and confirmed the numbers matched. Clark paid Santoy $22,000 and received a Bill of Sale from Mi Compadre Auto Sales and an application for a Certificate of Title. Approximately six weeks later, Clark learned the truck had been reported stolen by Planet Dodge. Clark immediately requested that the Wise County Sheriff take possession of the truck.

Clark sued Planet Dodge and a number of other defendants. Clark initially asserted claims against Planet Dodge based on the Texas Deceptive Trade Practices Act (DTPA), fraud, negligence per se, respondeat superior, conspiracy, and breach of contract/warranty of title. Planet Dodge filed a no-evidence motion for summary judgment on all of Clark's claims. The trial court granted the motion as to Clark's claims based on breach of contract, warranty, fraud, conspiracy, and the DTPA, denied the motion as to Clark's negligence claim, and ordered Clark to replead her negligence claim with more particularity.

Clark amended her petition to assert a negligent hiring, supervision, and retention claim against Planet Dodge. Clark specifically alleged that, in contravention of Planet Dodge's security measures, one of its employees removed a pickup truck from the dealership approximately two months before Clark purchased the truck. That pickup truck was returned by the prospective purchaser due to a problem obtaining financing. Clark alleged that, although Planet Dodge knew one of its employees removed a vehicle from the dealership, it retained its employees and did not change its security procedures. Subsequently, more vehicles were removed from the dealership, including the trucks purchased by Smith and Clark.

Clark alleged Planet Dodge owed a duty to its other employees and to the general public to ascertain the qualifications and competence of the employees it hired and retained. She alleged Planet Dodge did not exercise reasonable care in hiring its personnel or by assuring its vehicles and keys were adequately secured. She further alleged that, if Planet Dodge had not hired, inadequately supervised, and retained its employees, the employees "would not have been in a position to remove Planet Dodge's new motor vehicles from its premises" and she would "not have been harmed, which injury was a foreseeable consequence of Planet Dodge's hiring, inadequate supervision, and retention of such employees."

–3–

Planet Dodge filed a traditional motion for summary judgment on the ground Clark had not alleged she suffered physical harm and, therefore, as a matter of law could not recover on a claim for negligent hiring, supervision, and retention. Planet Dodge attached as Exhibit A to its summary judgment motion its reply to Clark's response to the no-evidence motion for summary judgment to which was attached (1) a constable report indicating Planet Dodge reported the trucks purchased by Smith as stolen on January 8, 2010 and reported the truck purchased by Clark as stolen on January 27, 2010; (2) Clark's statement to the constable about the purchase of the truck; (3) the Bill of Sale Clark received from "Mi Compadre Auto Sales" and the paper license plates Clark received from "El Compadre Auto Sales Inc."; (4) the business card Clark received from Santoy indicating he worked for M.S. Enterprise/Luxury Auto; and (6) a copy of an email from Clark's counsel regarding a response to the motion for summary judgment. Planet Dodge attached as Exhibit B to its motion for summary judgment Clark's responses to requests for disclosure stating, as relevant to this appeal, that Clark was seeking to recover the $22,000 she paid to purchase the truck.

Clark responded to Planet Dodge's motion for summary judgment and admitted she had not suffered physical harm. She asserted, however, that she was required to show only an actionable tort by an employee of Planet Dodge which caused a legal injury. Clark did not attach any summary judgment evidence to her response.

Relying on *Blanche v. First Nationwide Mortgage Corp.,* 74 S.W.3d 444 (Tex. App.— Dallas 2002, no pet.), a case involving the economic loss rule, the trial court granted Planet Dodge's motion for summary judgment and ordered that Clark take nothing on her claim against Planet Dodge. Clark either took a default judgment against or moved to nonsuit the remaining defendants. She then filed this appeal.

**Analysis**

We review a trial court's decision to grant summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). Summary judgment is proper when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). In conducting our review of a summary judgment, we consider the evidence in the light most favorable to the nonmovant. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Id.*

Citing to *Gonzales v. Willis*, 995 S.W.2d 729, 739–40 (Tex. App.—San Antonio 1999, no pet.) (op. on reh'g), *overruled in part on other grounds by Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447–48 (Tex. 2004), Clark contends the trial court erred by granting summary judgment for Planet Dodge because she was required to show only that an employee of Planet Dodge committed an "actionable tort" that caused her a "legally compensable injury," rather than physical harm. Therefore, the issue presented is whether, absent physical harm, Clark had a "legally compensable injury" that would allow her to recover from Planet Dodge based on its alleged negligence in hiring, supervising, and retaining its employees.

A negligence claim requires proof of a legal duty owed by the defendant to the plaintiff, a breach of that duty, and damages proximately caused by that breach. *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001); *Lermon v. Minyard Food Stores, Inc.*, No. 05-13-00034-CV, 2014 WL 6466840, at *8 (Tex. App.—Dallas Nov. 19, 2014, no pet. h.) (mem. op.). Negligent hiring, supervision, and retention claims focus on the employer's own negligence, not

the negligence of the employee. *Lermon*, 2014 WL 6466840, at *8 (citing *Leake v. Half Price Books, Records, Magazines, Inc.*, 918 S.W.2d 559, 563 (Tex. App.—Dallas 1996, no writ)). An employer can be liable for negligence if its failure to use due care in hiring, supervising, or retaining an employee creates an unreasonable risk of harm to others. *Id.*; *Martinez v. Hays Constr., Inc.*, 355 S.W.3d 170, 180 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Although the supreme court has yet to rule definitively on the "existence, elements, and scope of [causes of action for negligent retention and supervision] and related torts such as negligent training and hiring," *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 n.27 (Tex. 2010), it has indicated that to recover on these theories, a plaintiff must show more than just negligent hiring practices. *Wansey v. Hole*, 379 S.W.3d 246, 247 (Tex. 2012) (per curiam). The plaintiff must also show she "suffer[ed] some damages from the foreseeable misconduct of an employee" who was hired, supervised or retained pursuant to the defendant's negligent practices. *Id.*

The economic loss rule is a doctrine that limits the recovery of purely economic damages in an action for negligence. *Lan/STV v. Martin K. Eby Constr. Co.*, 435 S.W.3d 234, 235 (Tex. 2014) ("In actions for unintentional torts, the common law has long restricted recovery of purely economic damages unaccompanied by injury to the plaintiff or his property[.]"); *see also Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 415 (Tex. 2011) ("[P]arties may be barred from recovering in negligence or strict liability for purely economic losses.").[3] Texas courts have generally applied the economic loss rule in cases involving defective products and in cases involving the failure to perform a contract. *Sharyland Water Supply Corp.*, 354 S.W.3d at

---

[3] In the trial court, Planet Dodge argued in its reply to Clark's response to the motion for summary judgment that "prohibiting [Clark's] negligence claim against Planet Dodge, and also consistent with the [sic] Texas law's 'physical harm' and 'actionable tort' requirements, is the economic loss doctrine." In her sur-reply, Clark objected that Planet Dodge was attempting to expand the grounds on which it sought summary judgment to include the economic loss doctrine. Although Clark has not pursued this complaint on appeal, we note that Planet Dodge moved for summary judgment on the ground Clark could not demonstrate physical harm, the essence of the economic loss rule.

418. Planet Dodge asserts that Clark cannot recover on her negligent hiring, supervision, and retention claim because the damages she seeks relate to the contract between Clark and Santoy.

Clark did not have a contractual relationship with Planet Dodge. The supreme court addressed the application of the economic loss rule to contractual strangers in *Sharyland Water Supply Corp.*, in which a water supply corporation sued a city and the city's contractors alleging it was injured when the contractors negligently installed sewer lines above portions of the corporation's water system. *Id.* at 409. As relevant to this appeal, the supreme court considered whether the corporation's claims against the contractors based on negligence were barred by the economic loss rule. *Id.* at 415. The supreme court noted that, although under certain circumstances the economic loss rule can bar a party from recovering in negligence or strict liability for purely economic losses, *id.*, it "does not swallow all claims between contractual and commercial strangers" and does not preclude recovery "completely between contractual strangers in a case not involving a defective product." *Id.* at 418, 419.[4] However, because the corporation suffered property damage from the negligent acts of the contractors, causing a loss unrelated to the contract between the corporation and the city, the court was not required to explore the parameters of the applicability of the economic loss rule to contractual strangers . *Id.* at 420.

In deciding whether the economic loss rule applies in this case, we examine the source of the defendant's duty and the nature of the claimed injury. *El Paso Marketing , L.P. v. Wolf Hollow I, L.P.*, 383 S.W.3d 138, 143 (Tex. 2012); *see also Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 45 (Tex. 1998); *Trebuchet Siege Corp. v. Pavecon Commercial Concrete Ltd.*, No. 05-12-00945-CV, 2014 WL 4071804, at *6 (Tex.

---

[4] The supreme court specifically noted that courts have allowed recovery of economic damages even absent physical injury or property damage based on negligent misrepresentation, legal or accounting malpractice, breach of fiduciary duty, fraud, fraudulent inducement, tortious interference with contract, nuisance, wrongful death claims related to loss of support from the decedent, business disparagement, and some statutory causes of action. *Id.* at 418–19 & ns. 14–24.

App.—Dallas Aug. 19, 2014, no pet.) (mem. op.). To determine whether the claim sounds in tort or contract, the focus is on the substance of the cause of action and not simply the manner in which it was pleaded. *Mickens v. Longhorn DFW Moving, Inc.*, 264 S.W.3d 875, 879 (Tex. App.—Dallas 2008, pet. denied) (citing *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 617–18 (Tex. 1986)). "[A] party states a tort claim when the duty allegedly breached is independent of the contractual undertaking and the harm suffered is not merely the economic loss of a contractual benefit." *Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014) (per curiam); *see also LAN/STV*, 435 S.W.3d at 242–43 (discussing limitations on recovery of purely economic damages by contractual strangers); *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494–95 (Tex. 1991) (suggesting source of duty and nature of wrong should be examined to determine whether underlying claim is in tort or contract). "The nature of the injury most often determines which duty or duties are breached. When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." *Jim Walter Homes, Inc.*, 711 S.W.2d at 618; *see also Wansey*, 379 S.W.3d at 248.[5]

Here, the factual basis of Clark's claims against all the defendants was that, based on misrepresentations made by Santoy, she agreed to buy the truck and that, by selling her a stolen truck, Santoy failed to abide by the terms of the contract between them. Clark's claim against Planet Dodge was premised on it allegedly negligently hiring, supervising, or retaining an employee who was allegedly involved in removing the truck from its premises.[6] However, the

---

[5] *See also Trebuchet*; 2014 WL 4071804, at *6 (noting that economic loss rule can apply to bar tort claims between parties who are not in contractual privility); *Coastal Conduit & Ditching, Inc. v. Noram Energy Corp.*, 29 S.W.3d 282, 287–90 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (applying economic loss rule where parties were contractual strangers and no accompanying claim for personal injury or property damages was presented).

[6] In her brief, Clark argues she pleaded and provided competent summary judgment evidence that one of Planet Dodge's employees was engaged in fraud, a cause of action to which the economic loss rule might not apply. *See Sharyland Water Supply Corp.*, 354 S.W.3d at 418–19. Clark attached no summary judgment evidence to her response to Planet Dodge's motion for summary judgment. However, taking all of Clark's pleaded allegations as true, she alleged only that an employee of Planet Dodge was involved in the theft of the truck. Clark pleaded no representation or misrepresentation by a Planet Dodge employee to Clark that would support a fraud claim against the employee. *See Nat'l Prop. Holding, L.P. v. Westergren*, No. 13-0801, 2015 WL 123099, at *3 (Tex. Jan. 9, 2015) (per curiam) (to prove fraudulent inducement to enter contract, plaintiff was required to establish: (1) defendant made material representation, (2) representation was false and was either known to be

only injury Clark claimed due to Planet Dodge's allegedly negligent conduct was the purely economic harm she suffered when Santoy breached the contract. Under these circumstances, the economic loss rule bars Clark from recovering this loss from Planet Dodge based on a negligent hiring, supervision, and retention claim. *See LAN/STV*, 435 S.W.3d at 238;[7] *Wansey*, 379 S.W.3d at 248; *P. McGregor Enters., Inc. v. Hicks Constr. Grp., LLC*, 420 S.W.3d 45, 51 (Tex. App.—Amarillo 2012, no pet.) (economic loss rule barred negligence claim against party not in contractual privity because cause of action outlined in petition set forth claim for monetary damages due to breach by party to contract).[8] Accordingly, based on the facts in this case, we conclude the trial court did not err by granting summary judgment in favor of Planet Dodge on the ground Clark has not suffered a physical injury from its alleged negligent hiring, supervision, and retention of its employees. We resolve Clark's sole issue against her and affirm the trial court's judgment.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

140280F.P05

---

false when made or made without knowledge of its truth, (3) representation was intended to be and was relied upon by injured party, and (4) injury complained of was caused by reliance).

[7] In *LAN/STV*, the supreme court cited to *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927), in which the charters of a steamship sued a dry dock for damages arising from the loss of use of the ship after the dry dock negligently damaged the ship's propeller. The charters were not the owners of the ship. *Id.* at 307. The Supreme Court concluded:

> [The charters'] loss arose only through their contract with the owners. . . . [No] authority need be cited to show that, as a general rule, at least, a tort to the person or property of one man does not make the tort-feasor liable to another merely because the injured person was under a contract with that other unknown to the doer of the wrong . . . . The law does not spread its protection so far.

*Id.* at 308, 309.

[8] *See also Martinez*, 355 S.W.3d at 180 ("The duty of the employer extends only to prevent the employee or independent contractor from causing physical harm to a third party."); *Wrenn v. G.A.T.X. Logistics, Inc.*, 73 S.W.3d 489, 496 (Tex. App.—Fort Worth 2002, no pet.) (same); *Verinakis v. Medical Profiles, Inc.*, 987 S.W.2d 90, 97–98 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (same).



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JANA CLARK, Appellant

No. 05-14-00280-CV          V.

PFPP LIMITED PARTNERSHIP D/B/A
PLANET DODGE, Appellee

On Appeal from the 134th Judicial District
Court, Dallas County, Texas,
Trial Court Cause No. DC-12-00967-G.
Opinion delivered by Justice Fillmore, Chief
Justice Wright and Justice O'Neill, Ret.
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee PFPP Limited Partnership d/b/a Planet Dodge recover its costs of this appeal from appellant Jana Clark.

Judgment entered this 4th day of February, 2015.