ACCEPTED
13-14-00617-CV
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
4/1/2015 11:44:14 AM
DORIAN RAMIREZ
CLERK

# CASE NO. 13-14-000617-CV

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
4/1/2015 11:44:14 AM
DORIAN E. RAMIREZ
Clerk

## In the Court of Appeals for the
## Thirteenth Court of Appeals District
## Corpus Christi-Edinburg, Texas

*RONALD G. HOLE*,
        **APPELLANT**

*V.*

*WILLIAM L. HUBBARD,*
            **APPELLEE**

# APPELLEE'S BRIEF

*On Appeal from the 94th Judicial District Court of Nueces County, Texas*
*Hon. Bobby Galvan, Presiding Judge*
*Cause No. 2013DCV-4177-C*

WILLIAM L. HUBBARD
Texas Bar No. 10142000

62 Vista San Juan
Pagosa Springs, Colorado 81147

956-778-6692
FAX - 877-512-6720

Email - hubbard43@gmail.com

**ORAL ARGUMENT**
**CONDITIONALLY REQUESTED**

IN PROPRIA PERSONA
## IDENTITYOF PARTIES AND COUNSEL

## Appellee

William L. Hubbard
62 Vista San Juan
Pagosa Springs, Colorado 81147-7004

956-778-6692
FAX - 877-512-6720

Email - hubbard43@gmail.com

## Trial Counsel for Appellee

C.M. Henkel, III
Attorney at Law
50 North Shoreline, Suite 901
Corpus Christi, Texas 78401

361-883-1500
FAX - 361-888-9149

Email - skip@cmhenkel.com

Audrey M. Vicknair
Attorney at Law
801 North Carancuhua, Suite 1350
Corpus Christi, Texas 78401

361-888-8413
FAX - 361-887-6207

Email - avicknair@vicknairlaw.com

**Appellate Counsel for Appellee**

William L. Hubbard
62 Vista San Juan
Pagosa Springs, Colorado 81147-7004

956-778-6692
FAX - 877-512-6720

Email - hubbard43@gmail.com

IN PROPRIA PERSONA

**Trial and Appellate Counsel for Appellee**

Ronald G. Hole
Attorney at Law
P.O. Box 720547
McAllen, Texas 78504

956-631-2891
FAX - 956-631-2415

Email - mail@holealvarez.com

**Trial Judge**

Hon. Bobby Galvan, District Judge
94th Judicial District
Nueces County Courthouse
901 Leopard Street
Corpus Christi, Texas 78401

361-888-0320
FAX - 361-888-0730

# TABLE OF CONTENTS

Page
Number

Identity of Parties and Counsel       ii

Table of Contents       v

Index of Authorities       vi

Statement of the Case       viii

Statement Regarding Oral Argument       ix

Reply Points Presented       x

Appellee's First Reply Point       x
[Reply to Appellant's Issue No. Two]

       The trial court correctly denied Appellant's Motion for Summary Judgment alleging that the statement that Appellant has no aversion to filing a lawsuit without merit was defamatory because the statement is true - the lawsuit had no merit.

Appellee's Second Reply Point       x
[Reply to Appellant's Issue No. One]

       The trial court correctly granted Appellee's motion for summary judgment because the statement that Appellant has no aversion to filing a suit without merit was made in anticipation of threatened litigation and was privileged.

Statement of Facts       1

Summary of the Argument       1

Appellee's First Reply Point Restated      3

Appellee's Second Reply Point Restated      9

Prayer for Relief      14

Certificate of Service      15

Certificate of Compliance      16

# INDEX OF AUTHORITIES

Page
Number

**CASES**

*Chard v. Galton*, 277 Or. 109, 559 P.2d 1280 (1977)      13

*Crain v. Smith*, 22 S.W.3d 58 (Tex.App.--
    Corpus Christi 2000, no pet.)      10,11

*Doe v. Boys Club of Greater Dallas, Inc.,* 907 S.W.2d 472      7
    (Tex.1995)

*James v. Brown*, 637 S.W.2d 914 (Tex. 1982)      9

*Krishnan v. Law Offices of Preston Henrichson, P.C.*,      11,12,13
    83 S.W.3d 295 (Tex. App.-Corpus Christi 2002,
    pet. denied)

*Musser v. Smith Protective Services,* 723 S.W.2d 653      6
    (Tex.1987)

*Neely v. Wilson,* 418 S.W.3d 52 (Tex.2013)      5

*New Times, Inc. v. Isaacks,* 146 S.W.3d 144 (Tex.2004)      6

*Russell v. Clark*, 620 S.W.2d 865, 870 (Tex.Civ. App.--      12
    Dallas 1981, writ ref'd n.r.e.)

*Super Future Equities, Inc. v. Wells Fargo Bank*      5
    *Minnesota, N.A.,* 553 F.Supp.680 (N.D.Tex.2008)

*Swate v. Schiffers,* 975 S.W.2d 70, Tex.App.--      6
    San Antonio 1988m pet. denied)

*Wansey v. Hole*, 379 S.W.3d 334 (Tex. App.--      viii,1,4,7,8
    Corpus Christi-Edinburg 2011), *aff'd in part and*
    *and rev'd in part*, *Wansey v. Hole*, 379 S.W.3d 246
    (Tex. 2012)

## RESTATEMENT OF TORTS (SECOND)

§ 586                                                             10-11

## STATEMENT OF THE CASE

Appellant filed suit alleging that Appellee had defamed him by saying that Appellee had no aversion to filing a suit without merit and that the statement was false. The reference to a "suit without merit" was to *Wansey v. Hole,* 379 S.W.3d 334 (Tex.App.--Corpus Christi-Edinburg 2011, rev'd in part, aff'd in part, *Wansey v. Hole,* 379 S.W.3d 246 (Tex.2012), a lawsuit filed by Appellant, which he ultimately lost.

Appellee's motion for summary judgment asserted privilege -- a statement made during or in contemplation of litigation. Appellee's motion was granted.

Appellant filed a motion for summary judgment alleging that the statement was false and defamatory. Appellant's motion for summary judgment was denied.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant has requested oral argument basing his request in part on his theory that the case is "convoluted." It is not. Appellant has alleged that he has been defamed. The statement made is subject to two absolute defenses that are well-supported by a significant body of legal precedent -- truth and privilege. The issues were correctly decided by the trial judge and that judgment should be affirmed.

However, should the Court desire oral argument, Appellee requests the opportunity to participate.

# REPLY POINTS PRESENTED

## Appellee's First Reply Point
## [Reply to Appellant's Issue No. Two]

The trial court correctly denied Appellant's Motion for Summary Judgment alleging that the statement that Appellant has no aversion to filing a lawsuit without merit was false and defamatory because the statement is true - the lawsuit had no merit.

## Appellee's Second Reply Point
## [Reply to Appellant's Issue No. One]

The trial court correctly granted Appellee's motion for summary judgment because the statement that Appellant has no aversion to filing a suit without merit was made in anticipation of threatened litigation and was privileged.

## STATEMENT OF FACTS

## SUMMARY OF ATHE ARGUMENT

Appellee filed a motion for summary judgment based on privilege -- a statement made in relation to pending or threatened litigation. Appellant filed a response asserting that the claimed privilege did not apply and a motion for summary judgment asserting that the statement was false and defamatory. The statement was both true and privileged.

Appellee's motion was granted; Appellant's was denied.

## STATEMENT OF FACTS

Appellant's intent in bringing a defamation lawsuit is to effectually set aside the loss of the Wansey[1] lawsuit. By prevailing on a claim that a statement made that the Wansey suit was without merit, Appellant can choose to ignore the rulings of the Court of Appeals and the Supreme Court to boast that he won the defamation suit. The effect of allowing Appellant to prevail on the defamation claim is to overrule Mr. Wansey's victory *sub silentio*. Either the Wansey lawsuit had merit or it did not. This Court in part and the Supreme Court on all issues said

---

[1] *Wansey v. Hole,* 379 S.W.3d 334 (Tex.App.-Corpus Christi-Edinburg 2011), rev'd in part, aff'd in part, 379 S.W.3d 246 (Tex.2012).

1

that it did not.  Appellant is still trying the Wansey suit, which was over when the Supreme Court issued its judgment and mandate.

The second issue is whether the statement made is privileged.  The statement was contained in a letter to Bill Gault dated March 7, 2013, an attorney whose firm had entered an appearance in the *Wansey* appeal.  The statement was:

> However, as shown by the Supreme Court opinion [in the Wansey case], Ron[ald G. Hole, the Appellant] has no aversion to filing a suit without merit.

CR-80, Exhibit 3-F, Defendant's [Appellee's] Motion for Partial Summary Judgment - letter from Appellee to William Gault.

The statement cannot be taken out of context.  The first paragraph in the letter states:

> If there is anything you can do to try to keep Ron from taking some kind of action with regard to what I consider to be an ill-advised lawsuit, I think we will all benefit.

CR-80, Exhibit 3-F, Defendant's [Appellee's] Motion for Partial Summary Judgment -- letter from Appellee to William Gault.

At this point, Appellant has threatened litigation against Appellee in his letter dated March 5, 2013:

> Accordingly, please be advised that this letter is to put you on notice of a claim against you and your client for violations of Chapter 12 of the Texas Civil Practice and Remedies Code.  When a defendant knows or should have

2

known at the time of filing or recording, that the abstract of judgment was a fraudulent lien, §12.002 of the Texas Civil Practice and Remedies Code provides that "a person who violates Subsection (a) of that section is also liable to each injured person for the greater of $10,000.00 or the actual damages, together with court costs, reasonable attorney's fees and exemplary damages to be determined by the court. You and your client have damaged both Cheryl and me - that's two "Injured parties."

Please put your malpractice carrier on notice and immediately have the two fraudulent liens removed. Ms. Garza and I already have over $1,125 in attorney's fees that have been incurred by Cheryl D. Hole, because of these fraudulent liens. If we have to take steps, In accordance with §§51.901 and 51.902 of the Texas Government Code, to have these liens removed by judicial action, that will only increase the attorney's fees dramatically. I will give you seven (7) days before we take steps to have these fraudulent liens judicially removed, and before I file suit against you. Please have your attorney or malpractice carrier give me a call to discuss the remaining claims.

CR-80, Exhibit 3-C, Correspondence from Appellant dated March 5, 2013, threatening litigation.

## APPELLEE'S FIRST REPLY POINT RESTATED
[Reply to Appellant's Issue No. Two]

The trial court correctly denied Appellant's Motion for Summary Judgment alleging that the statement that Appellant has no aversion to filing a lawsuit without merit was defamatory because the statement is true - the lawsuit had no merit.

3

## Factual Background

In his brief, Appellant states that the statement made by Appellee that Appellant has no aversion to filing a lawsuit without merit was false and defamatory.

The actual statement was, "However, as shown by the Supreme Court opinion, Ron has no aversion to filing a suit without merit." CR, page 35 (correspondence to William Gault). Appellant's assertion in his brief that an assertion was made that Appellant has filed "suit**s** without merit" is not correct. Appellant's Brief, page 24. The reference in Appellee's letter was solely to the Wansey Lawsuit.[2]

The pleadings, Plaintiff's Original Petition in the Wansey Lawsuit, alleged:

> However, on or about January 11, 2005 at about 8:00 p.m., one of Defendants' employees, an instructor, was found with Patricia alone, in the dark, outside of Rio Grande Defensive Driving School. Defendants' employee was knowingly engaging in inappropriate conduct, which, based upon information and belief, included physical contact with Patricia.

CR, page 134.

---

[2] As used herein, "Wansey Lawsuit" refers to the trial court proceeding, Cause No. CL-06-2449-B in County Court at Law No. Two of Hidalgo County, Texas, the Court of Appeals opinion reported at 379 S.W.3d 334, and the Supreme Court opinion reported at 379 S.W.3d 246.

For a cause of action, Appellant alleged:

> 2. Grossly Negligent or Malicious Hiring, Supervision, Training, or Retention
>
> Defendants are liable for the grossly negligent hiring, supervision, training or retention of its employees. Defendants owed Plaintiff a duty to hire, supervise, train or retain competent employees. Defendants owed Plaintiff a duty to hire, supervise, train or retain competent employees. As shown by the incident that occurred on January 11, 2005, Defendants breached that duty and such behavior was the proximate cause of Plaintiff's damages and injuries, for which Plaintiff hereby sues.

CR, page 136.

The crux of this allegation is that an incident occurred and therefore there is liability. This is not a correct statement of fact or law.

**Argument and Authorities**

Truth is an absolute defense to an action for defamation. *Neely v. Wilson,* 418 S.W.3d 52, 62 (Tex.2013). In this proceeding, Appellant filed a motion for summary judgment alleging that the statement was false. CR, page 114. The trial court's order denying the summary judgment did not specify a reason for the denial. CR, page 254.

Truth as a defense to a libel action is an affirmative defense and the defendant bears the burden of proof to show that the statement was true. *Super Future Equities, Inc. v. Wells Fargo Bank Minnesota, N.A.,* 553 F.Supp. 680, 691

5

(N.D.Tex.2008). The opinion of the Texas Supreme Court establishes that there were no facts to support these allegations.

The first test for whether a statement is defamatory is whether is whether the words used were capable of a defamatory meaning. *Musser v. Smith Protective Services,* 723 S.W.2d 653, 654-55 (Tex.1987). "The court construes the statement as a whole in light of surrounding circumstances based upon how a person of ordinary intelligence would perceive the entire statement." *Musser, supra.* "[T]he reviewing court must look at the entire publication rather than at indivudual sentences or portions of the communication." *Swate v. Schiffers,* 975 S.W.2d 70, 75 (Tex.App.--San Antonio 1998, pet. denied).

The surrounding circumstances are the lack of evidence to support the allegations to support the suit filed against Mr. Wansey and Mr. Wansey's ultimate victory at the Texas Supreme Court. "The appropriate inquiry is objective, not subjective." *New Times, Inc. v. Isaacks,* 146 S.W.3d 144, 157 (Tex.2004). Any objective evaluation of the facts surrounding this case would reveal the truth of the statement. It is only "when the court determines the language is ambiguous or of doubtful import should the jury then determine the statement's meaning and the effect the statement's publication has on an ordinary reader." *Musser, supra.*

6

*Doe v. Boys Club of Greater Dallas, Inc.,* 907 S.W.2d 472 (Tex.1995),

which sets out the elements that must be proved to establish a negligent hiring

case, was decided ten years before the incident alleged by Appellant.[3]  The

required facts, if they existed, and the law to be followed were known many years

prior to the date of the alleged incident.

The Wansey case, which was partially reversed and partially affirmed by

this Court, was appealed to the Texas Supreme Court.  The Supreme Court held:

> In this case, we must decide whether a plaintiff may
> recover on a claim for negligent hiring and supervision *despite*
> *suffering no harm at the hands of the employee who was*
> *allegedly negligently hired.* We hold that a negligent hiring
> claim requires that some harmful or negligent conduct of an
> employee—one hired pursuant to the defendant's negligent
> hiring or supervision practices—proximately caused the injury
> complained of.

*Wansey v. Hole,* 379 S.W.3d 246, 246-47 [emphasis added].

> The court of appeals reasoned that Hole sustained harm
> in the form of the un-refunded cost of the driving course, and
> that Wansey's negligent hiring practices proximately caused
> those damages.  We disagree.

*Wansey,* 379 at 247.

---

[3] This Court did not discuss the *Doe* case in its opinion.  *Wansey v. Hole,* 379 S.W.3d 334 (Tex.App.--Corpus Christi-Edinburg 2011, rev'd in part, aff'd in part, *Wansey v. Hole,* 379 S.W.3d 246 (Tex.2012).  Nor did Appellant (Appellee in the Wansey appeals).

7

The court of appeals reasoned that Hole sustained harm in the form of the un-refunded cost of the driving course, and that Wansey's negligent hiring practices proximately caused those damages. We disagree.

*Wansey,* 379 at 247.

In this case, Hole did not present legally sufficient evidence of any harm caused by an employee of Wansey's driving school. *Even had Cheryl Hole sued on behalf of her daughter, she presented no evidence that the driving instructor actually engaged in inappropriate behavior—indeed, Ronald Hole conceded in his trial testimony that he does not know that anything illegal happened, but rather just thought the situation was inappropriate. Hole also presented no evidence that proper hiring and supervision policies would have prevented the incident, or that her daughter suffered any harm.*

*Wansey,* 379 S.W.3d at 248 [emphasis added].

Because Hole presented no evidence of harm caused by an employee hired pursuant to Wansey's hiring policies, we hold she did not present legally sufficient evidence of damages proximately caused by Wansey's alleged negligence.

*Wansey,* 379 S.W.3d at 248.

## **Conclusion**

There are no facts to support Appellant's claim that the statement made was false. His first issue should be overruled.

8

## APPELLANT'S SECOND REPLY POINT RESTATED
[Reply to Appellant's Issue No. One]

The trial court correctly granted Appellee's motion for summary judgment because the statement that Appellant has no aversion to filing a suit without merit was made in anticipation of threatened litigation and was privileged.

## Argument and Authorities

The Texas Supreme Court made clear 30 years ago:

> Communications in the due course of a judicial proceeding will not serve as the basis of a civil action for libel or slander, regardless of the negligence or malice with which they are made. This privilege extends to any statement made by the judge, jurors, counsel, parties or witnesses, and attaches to all aspects of the proceedings, including statements made in open court, pre-trial hearings, depositions, affidavits and any of the pleadings or other papers in the case.

*James v. Brown*, 637 S.W.2d 914, 916-917 (Tex.1982) [citations omitted].  In *James*, Marguerite James was hospitalized under the Texas Mental Health Code at the insistence of her son and daughter.  *Id.* at 916.  Several doctors examined her and filed reports, and one sent a letter to the children's attorney, stating that Ms. James "was not of sound mind." *Id.*  Ms. James obtained a release from custody and all proceedings were dismissed.  She then sued the doctors for defamation. The Supreme Court held she had no claim for defamation arising from the letter sent, because it was absolutely privileged, having been made in contemplation of a

9

legal proceeding. *Id.* at 917. The summary judgment granted for the defendant was affirmed.

This Court of Appeals, in *Crain v. Smith*, 22 S.W.3d 58 (Tex.App.--Corpus Christi 2000, no pet.) similarly applied the absolute privilege to a letter written by one attorney to another in anticipation of litigation. Ray Crain, who was not an attorney, prepared and recorded mechanics' and materialman's liens for Airtron. Smith, the attorney for the owner of the property on which the liens were placed, investigated Crain and spoke with the Chair of the Unauthorized Practice of Law Committee ("UPL"). *Id.* at 59. Smith sent a letter to counsel for Airtron and stated what she knew about Crain, with whom she had spoken, and that charges were pending against Crain before the UPL. Smith demanded damages from Airtron arising from the wrongful filing of the lien. *Id.* Crain sued Smith for defamation for the letter sent to Ramsey. Smith asserted the defense of absolute privilege. *Id.* Summary judgment was granted.

This Court held the letter was not actionable and affirmed the summary judgment, quoting the Restatement (Second) of Torts §586 (1977):

> An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.

10

*Crain*, 22 S.W.3d at 62.

This Court went on to quote Comment a to Section 586:

The privilege stated in this Section is based upon a public policy of securing to attorneys as officers of the court the utmost freedom in their efforts to secure justice for their clients. Therefore the privilege is absolute. It protects the attorney from liability in an action for defamation irrespective of his purpose in publishing the defamatory matter, his belief in its truth, or even his knowledge of its falsity. * * * *The publication of defamatory matter by an attorney is protected not only when made in the institution of the proceedings or in the conduct of litigation before a judicial tribunal, but in conferences and other communications preliminary to the proceeding.*

*Crain*, 22 S.W.3d at 62 [emphasis in original].

This Court cited several cases in which the absolute privilege was applied to letters written by lawyers prior to suit. *Crain*, 22 S.W.3d at 62-63 (citations omitted, but including *James*, *supra*). All doubts are resolved in favor of the relevancy of the communication to the proposed judicial proceeding. *Id.* at 63. The Court held that Smith's letter to Ramsey stated her factual allegations and legal conclusions surrounding proposed legal action against Ramsey's client. The letter was absolutely privileged and "cannot constitute the basis for litigation." *Id.* at 63.

Two years later, in *Krishnan v. Law Offices of Preston Henrichson, P.C.*, 83 S.W.3d 295 (Tex. App.--Corpus Christi 2002, pet. denied), this Court reiterated the foregoing principles in another case in which pre-suit correspondence was held to be absolutely privileged. Of note in *Krishnan* is the fact that Ron Hole, the Appellant in this action alleging defamation, was the attorney for Krishnan, the appellant who <u>unsuccessfully</u> alleged she'd been defamed by pre-suit

11

correspondence. Appellant is seeking to have this Court overrule the *Krishnan* case along with a long line of cases supporting that decision so he can now claim victory.

This Court was exhaustive in its review of that legal precedent, applicable to correspondence sent preliminarily to litigation. The Court held that letters sent by the law office to another doctor and the medical center where Krishnan worked, alleging she had committed medical malpractice, were not actionable. *Id.* at 299, 302-303. The Court made clear,

> whether an attorney's out-of-court statement is related to a proposed or existing judicial proceeding is a question of law to be determined by the trial court. When deciding the issue, the trial court must consider the entire communication in its context *and extend the privilege to any statement that bears some relationship to an existing or proposed judicial proceeding*. All doubt should be resolved in favor of the communication's relevancy to the proceeding.

*Krishnan*, 83 S.W.3d at 302 [emphasis added]. Summary judgment for the defendant on absolute privilege grounds was affirmed.

The rule applies equally whether the letter is written by the putative plaintiff to the putative defendant, or vice versa. *See, Russell v. Clark*, 620 S.W.2d 865, 870 (Tex.Civ.App.--Dallas 1981, writ ref'd n.r.e.). Similar to this case, attorney Clark was counsel for certain parties who won their case in the Texas Supreme Court. Russell and his company Gulf States were the losing parties in the Supreme

12

Court.  The case was remanded for a new trial.  Clark wrote a letter to several of Russell's investors stating "The Supreme Court of Texas has ruled in favor of my clients . . . ."  *Id.* at 866.  The letter stated in several places Clark's perception of the Supreme Court's holdings, none of which was favorable to Russell.  *Id.* at 866-868.  Clark states in the letter that he tried to settle the case but Russell refused, and he seeks information from the investors that will be necessary on retrial of the case, which he says Russell would not give him.  *Id.*

Russell sued for defamation.  *Id.*, 620 S.W.2d at 868.  The Dallas Court held the communication, made by an attorney preliminary to a judicial proceeding (the re-trial), was absolutely privileged.  *Id.* at 868-869.  The Court discussed, among others, the decision reached in *Chard v. Galton*, 277 Or. 109, 559 P.2d 1280 (1977), in which "the defendant's attorney had written a letter [preliminary to possible litigation] to a representative of plaintiff's insurer seeking to settle an automobile accident case.  The letter contained statements that plaintiff had been previously involved in a fatal accident while in a drunken stupor."  *Russell*, 620 S.W.2d at 870.  The statement was held to be privileged because it had some relation to the possible litigation.  *Id.*  "The court must consider the entire communication in its context, and must extend the privilege to any statement that bears some relation to an existing or proposed judicial proceeding."  *Id.*  "[U]ndue

13

restrictions would make the privilege meaningless." *Id.* Sustaining Appellant's point related to privilege would require this Court to overrule its decision in *Krishnan* and numerous other authorities.

## Conclusion

Appellee's statement was absolutely privileged. The trial court correctly granted Appellee's motion for summary judgment.

## PRAYER FOR RELIEF

Wherefore, premises considered, Appellee prays:

A. That the judgment of the trial court be in all things affirmed;

B. That all costs be assessed against Appellant; and

C. For such other and further relief to which Appellee may be justly entitled.

Respectfully submitted,

LAW OFFICE OF WILLIAM L.
    HUBBARD
62 Vista San Juan
Pagosa Springs, Colorado 81147-7004
956-778-6692
FAX - 877-512-6720

hubbard43@gmail.com

By:    **/s/ *Wm. L. Hubbard*** .
        Texas State Bar No. 10142000

IN PROPRIA PERSONAM

## CERTIFICATE OF SERVICE

On the __1st__ day of April, 2015, a copy of APPELLEE'S BRIEF was served

on:

Ronald G. Hole         By E-Service
Attorney at Law

    *PRO SE*

   **/s/ *Wm. L. Hubbard*** .
    William L. Hubbard
    Attorney at Law

15

## CERTIFICATE OF COMPLIANCE

The total number of words in the brief is 4,148 based on the determination of the word processing program.

Appellee's Brief was prepared using Microsoft Word. The typeface, except as noted, is Times New Roman. The body of the brief is in 14 point type. The footnotes are in 12 point type. The case number on the first page is 20 point type. The court title on the front page is Canterbury typeface in 18 point type. The name of the brief on the first page is Bookman Old Style in 18 point type. Counsel's electronic signatures are in MT Script Bold typeface in 20 point type.

/s/ *Wm. L. Hubbard* .
William L. Hubbard
Attorney at Law